| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL 2025-36 | | |
| LUIS F. SANTA RIVERA, ET ALS<br><br>Demandante<br><br>V.<br><br>HOSPITAL UPR DR. FEDERICO TRILLA; ET ALS<br><br>Demandados-Recurridos | TA2025CE00405 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>F DP2015-0109<br>**F DP2015-0112**<br>F DP2015-0113<br>F DP2015-0114<br>F DP2015-0115<br>F DP2015-0116<br><br>Sobre:<br>Daños y Perjuicios |
| EVELYN ROSARIO ORTIZ, ET ALS<br><br>Demandante<br><br>V.<br><br>HOSPITAL UPR DR. FEDERICO TRILLA; ET ALS<br><br>Demandados-Recurridos<br><br>**TIRSO LUIS ROSARIO ORTIZ, MARÍA DEL CARMEN ROSARIO ORTIZ E IVONNE ROSARIO CORA**<br><br>**Parte Interventora-Peticionarios** | | |
| OMAR RODRÍGUEZ VALDIVIA<br><br>Demandante<br><br>V.<br><br>HOSPITAL UPR DR. FEDERICO TRILLA; ET ALS<br><br>Demandados-Recurridos | | |

|  |
| --- |
| WILLIAM GONZÁLEZ, ET ALS<br><br>Demandante<br><br>V.<br><br>HOSPITAL UPR DR. FEDERICO TRILLA; ET ALS<br><br>Demandados-Recurridos |
| JORGE CAMPUDONI, ET ALS<br><br>Demandante<br><br>V.<br><br>HOSPITAL UPR DR. FEDERICO TRILLA; ET ALS<br><br>Demandados-Recurridos |
| CRISTINA ÁLVAREZ TRAN, ET ALS<br><br>Demandante<br><br>V.<br><br>HOSPITAL UPR DR. FEDERICO TRILLA; ET ALS<br><br>Demandados-Recurridos |

Panel integrado por su presidente; el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de octubre de 2025.

El 4 de septiembre de 2025, compareció ante este Tribunal de Apelaciones, Tirso Luis Rosario Ortiz, María del Carmen Rosario Ortiz e Ivonne Rosario Cora (en adelante, parte peticionaria),

mediante *Escrito de Certiorari*. Por medio de este, nos solicita que revisemos la *Resolución* emitida el 20 de abril de 2025 y notificada el 2 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo*, declaró No Ha Lugar la solicitud de intervención instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se desestima el recurso de *Certiorari* por falta de jurisdicción por haber sido presentado de forma tardía.

**I**

El recurso que nos ocupa es secuela de un recurso previo con identificación alfanumérica KLCE202200704, respecto al cual, adoptamos por referencia el trámite procesal allí expuesto, y nos circunscribiremos a reseñar aquellas incidencias procesales relevantes acaecidas con posterioridad a nuestro dictamen del 6 de septiembre de 2022.

En lo pertinente al recurso de marras, el 12 de marzo de 2025, la parte peticionaria presentó *Moción Solicitando Intervención y Permiso para Comparecer a esta Causa de Acción como Parte Codemandante en el Caso Consolidado de Evelyn Rosario Ortiz vs. Hospital UPR Dr. Federico Trilla et al, Civil Número F DP2015-0112, y como Miembros de la Sucesión de Don Tirso Rosario Ortiz, Conforme a la Regla 21.1 de las Procedimiento Civil Vigentes.*

Por su parte, el 31 de marzo de 2025, el Hospital presentó *Oposición a Moción Solicitando Intervención y Permiso para Comparecer a esta Causa de Acción como Parte Codemandante en el Caso Consolidado de Evelyn Rosario Ortiz vs. Hospital UPR Dr. Federico Trilla et al, Civil Número F DP2015-0112, y como Miembros de la Sucesión de Don Tirso Rosario Ortiz, Conforme a la Regla 21.1 de las Procedimiento Civil Vigentes.*

Además, la parte recurrida incoó el 2 de abril de 2025, *Moción Suplementando Oposición a Moción Solicitando Intervención y Permiso para Comparecer a esta Causa de Acción como Parte Codemandante en el Caso Consolidado de Evelyn Rosario Ortiz vs. Hospital UPR Dr. Federico Trilla et al, Civil Número F DP2015-0112, y como Miembros de la Sucesión de Don Tirso Rosario Ortiz, Conforme a la Regla 21.1 de las Procedimiento Civil Vigentes.*

El 29 de abril de 2025, el Tribunal de Primera Instancia emitió la *Orden* recurrida, en la cual expresó:

> Atendida la "**OPOSICIÓN A MOCIÓN SOLICITANDO INTERVENCIÓN Y PERMISO PARA COMPARECER A ESTA CAUSA DE ACCIÓN COMO PARTE CODEMANDANTE EN EL CASO CONSOLIDADO DE EVELYN ROSARIO ORTIZ VS. HOSPITAL UPR DR. FEDERICO TRILLA ET AL, CIVIL NÚMERO F DP2015-0112 OPOSICIÓN A MOCIÓN SOLICITANDO INTERVENCIÓN Y PERMISO PARA COMPARECER A ESTA CAUSA DE ACCIÓN COMO PARTE CODEMANDANTE EN EL CASO CONSOLIDADO DE EVELYN ROSARIO ORTIZ VS. HOSPITAL UPR DR. FEDERICO TRILLA ET AL, CIVIL NÚMERO F DP2015-0112 ......**" presentada el 31 de marzo de 2025 en el caso de epígrafe, el Tribunal dispone lo siguiente:
>
> Transcurrido el término reglamentario para replicar, el tribunal declara no ha lugar la solicitud de intervención que Tirso Luis Rosario, María Rosario Ortiz e Ivonne Rosario Cora presentaron el 12 de marzo de 2025.

En desacuerdo, la parte peticionaria presentó el 8 de mayo de 2025 la *Moción en Solicitud de Reconsideración y Solicitud de que Este Honorable Tribunal se exprese sobre Otros Asuntos Muy Importantes para Proseguir con los Trámites de este Caso.* El 13 de mayo de 2025, notificada el 20 de mayo de 2025, el foro primario le concedió término de 20 días a las partes para que replicaran a dicha moción.

El 1 de julio de 2025, la parte peticionaria presentó *Moción Solicitando Orden Urgente a la Parte Demandante Evelyn Rosario Ortiz y a su Representación Legal, Lcdo. Pedro F. Soler Muñiz, Cada Una por Separado.*

El 29 de julio de 2025, notificada el 6 de agosto de 2025, el Tribunal de Primera Instancia emitió *Resolución*, la cual se transcribe a continuación:

> Atendida la "MOCIÓN SOLICITANDO ORDEN URGENTE A LA PARTE DEMANDANTE EVELYN ROSARIO ORTIZ Y A SU REPRESENTANTE LEGAL, LCDO. PEDRO F. SOLER MUÑIZ, CADA UNA POR SEPARADO" presentada el 1 de julio de 2025 en el caso de epígrafe, el Tribunal dispone lo siguiente:
>
> Transcurrido el plazo reglamentario para replicar la solicitud de reconsideración presentada el 8 de mayo de 2025 por Tirso, María del Carmen e Ivonne Rosario, el tribunal la declara no ha lugar. Observamos que la causa de acción heredada fue desestimada por este tribunal, por lo que no existe falta por partes indispensables.

En esa misma fecha, el foro primario emitió la siguiente Orden:

> Atendida la "MOCIÓN SOLICITANDO ORDEN URGENTE A LA PARTE DEMANDANTE EVELYN ROSARIO ORTIZ Y A SU REPRESENTANTE LEGAL……" presentada el 1 de julio de 2025 en el caso de epígrafe, el Tribunal dispone lo siguiente:
>
> No ha lugar, las situaciones expuestas por Tirso, María del Carmen e Ivonne Rosario constituyen controversias internas entre las partes que son ajenas a las causas de acción ante la consideración de este tribunal, por lo que deben atenderse extrajudicialmente.

Inconforme, la parte peticionaria acudió ante este foro revisor mediante recurso de *certiorari* y esgrimió los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia al no determinar que legítimamente la parte aquí interventora peticionaria son parte indispensable en el caso F DP2015-0112 y otros consolidados sin la cual no se puede adjudicar la presente causa de acción.

2. Erró el Honorable Tribunal de Primera Instancia al tratar los asuntos y derechos de la parte interventora y peticionaria como si estuviesen presentes en el pleito cuando estos adquirieron conocimiento entre octubre y noviembre de 2024 y comparecieron por primera vez e hicieron sus primeras alegaciones el 12 de marzo del 2025 en adelante.

3. Erró el Tribunal de Primera Instancia al tomar determinaciones sin estos estar debidamente

representados sin poderse defender porque no habían sido traídos al pleito. El TPI no tuvo nunca jurisdicción sobre la parte interventora-peticionaria, hasta el 12 de marzo de 2025.

4. Erró el Tribunal de Primera Instancia en continuar con un caso en donde una de las demandantes Evelyn Rosario Ortiz, ni tan siquiera ha presentado evidencia de ser heredera de Tirso Luis Rosario Ortiz (QEPD) mediante una Declaratoria de Herederos. Ósea está solicitando entre otras cosas, daños y perjuicios sin haber sido declarada heredera por un Tribunal.

Por otro lado, el 11 de septiembre de 2025, la parte recurrida presentó *Moción en Solicitud de Desestimación del Recurso de Certiorari Bajo la Regla 83 (B) (1) (2) del Reglamento del Tribunal de Apelaciones*. En esencia, la parte recurrida nos plantea que, debido a que la moción de reconsideración incoada por la parte peticionaria ante el foro *a quo,* no le fue notificada oportunamente, esta no tuvo efecto interruptor alguno. Arguye que, habida cuenta de lo anterior, el recurso presentado ante esta Curia fue presentado de forma tardía, por lo que, este foro revisor carece de jurisdicción para atender el recurso.

En atención a la aludida moción de desestimación, el 11 de septiembre de 2025, emitimos *Resolución*, mediante la cual le concedimos término a la parte peticionara para que se expresara en cuanto a la referida moción de desestimación.

Asimismo, el 23 de septiembre de 2025, la parte recurrida North Janitorial Services, Inc. presentó *Solicitud de Desestimación.* Luego de conceder a la parte peticionaria la prórroga para que se expresara en cuanto a las aludidas mociones de desestimación, dicha parte presentó el 6 de octubre de 2025, *Moción en Oposición a Solicitud de Desestimación Presentada por las Partes Recurridas North Janitorial y Servicios Médicos Universitarios (SMU).*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

### A. El Certiorari

---

[1] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro).
[. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023).

Conforme dispone la Regla 32 (C) del Reglamento de este foro revisor[2], el recurso de *certiorari* para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, así como revisar una sentencia final producto de una solicitud de revisión de un laudo de

---

[2] Regla 32 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto.

## B. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Torres Alvarado v Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *MMR Supermarket,*

*Inc. v. Mun. de San Lorenzo*, 210 DPR 271, 289 (2022); *Báez Figueroa v. Administración de Corrección*, 209 DPR 288, 298 (2022); *AFI v. Carrión Marrero*, 209 DPR 1, 4-5 (2022); *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, supra; *Baez Figueroa v. Administración de Corrección*, supra; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra.

Un recurso tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. *MMR Supermarket, Inc. v. Municipio Autonomo de San Lorenzo*, supra. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.[3] *Íd.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. A.A.A.*, supra, pág. 674.

### C. Regla 47 de Procedimiento Civil

Es norma reiterada que "los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte

---

[3] *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

o *motu proprio,* siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso". *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 748 (2023). (*Citas omitidas*). La Moción de Reconsideración es el "mecanismo que provee nuestro ordenamiento para permitir que un tribunal modifique su fallo y enmiende o corrija los errores en que haya incurrido".[4] Dicho mecanismo procesal está regido por la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, que, en lo particular, dispone:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

> **La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto**.

---

[4] *Id,* citando a *Interior Developers v. Mun. de San Juan,* 177 DPR 693, 701 (2009); véase también, *Lagares v. ELA,* 144 DPR 601, 612*, 1997 Juris P.R. 149 (1997)*; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. IV, págs. 1366-1367.

Conforme a lo anterior, ante una determinación del Tribunal de Primera Instancia las partes cuentan con un término de quince (15) días desde la fecha de la notificación para presentar la Moción de Reconsideración. Este término es de carácter jurisdiccional cuando se solicita la reconsideración de una Sentencia. Por otro lado, el término de quince (15) días para presentar la reconsideración de una determinación interlocutoria, ya sea una Resolución u Orden, es a su vez, de cumplimiento estricto.[5]

Además, el último párrafo de la regla requiere que el promovente notifique a las otras partes en el pleito de la presentación de una moción de reconsideración. **La notificación se hará dentro de un término de cumplimiento estricto de quince (15) días que corre de manera simultánea con el término de presentación. Regla 47 de Procedimiento Civil,** *supra.*[6]  **El término para notificar a las partes de una moción de reconsideración es el mismo que se utiliza para presentarla ante el tribunal y es uno de cumplimiento estricto.**[7]

Nuestra última instancia judicial ha señalado que el requisito de notificar todas las mociones "[s]e trata de una filosofía procesal que auspicia que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y puedan expresarse sobre todos los desarrollos en éste".[8] Además, según consta en la Exposición de Motivos de la citada Ley Núm. 268-2002, el establecer un término para notificar la Moción de Reconsideración salvaguarda

---

[5] *Div. Empleados Públicos UGT v. CEMPR,* supra, pág. 749-750.

[6] Este requisito fue incorporado a la Regla 47 de Procedimiento Civil de 1979 (32 LPRA ant. Ap. III) por la Ley Núm. 268-2002. Al aprobarse las Reglas de Procedimiento Civil de 2009, el requisito de notificación permaneció intacto. *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 168 (2016); Secretariado de la Conferencia Judicial y Notarial, Informe de Reglas de Procedimiento Civil, marzo de 2008, págs. 548-550., Con anterioridad a la Ley Núm. 268-2002, *supra,* nuestro ordenamiento procesal civil no incluía alguna disposición respecto al término en el cual se debía notificar a las partes, vacío que, en su momento, fue atendido por Tribunal Supremo. *Rivera Marcucci et al. v. Suiza Dairy,* supra. Dado lo anterior,

[7] (Énfasis nuestro). *Div. Empleados Públicos UGT v. CEMPR,* supra, pág. Pág. 750.

[8] *Lagares v. ELA,* 144 DPR 601 (1997).

el principio de economía procesal al establecer claramente el término para notificar a las demás partes y reducir la notificación tardía que afecta la tramitación de los casos.

Si bien es cierto que la Regla 47 de Procedimiento Civil, *supra*, contiene tanto términos jurisdiccionales, como de cumplimiento estricto, el incumplimiento de dichos términos conlleva consecuencias distintas. Por un lado, cuando el término es jurisdiccional, como es el caso en la Moción de Reconsideración a una Sentencia, la presentación tardía es un defecto fatal que priva al tribunal de jurisdicción para atender el asunto. *Cruz Parrilla v. Depto. Vivienda,* 184 DPR 393, 403 (2012); R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. Lexis-Nexis, 2017, pág. 235. A *contrario sensu*, para solicitar la reconsideración de una determinación interlocutoria **y para notificar toda Moción de Reconsideración el término es de cumplimiento estricto.** (*Énfasis nuestro*). Regla 47 de Procedimiento Civil, *supra.* Dichos términos no son fatales y se pueden extender o prorrogar, si la parte que presentó o notificó fuera de término demostró justa causa por la demora. **Por tal motivo, se le requiere a la parte que solicite la prórroga o actúe fuera de término que presente, mediante escrito debidamente evidenciado, explicaciones concretas y particulares que permitan concluir que hubo una excusa razonable para la tardanza o demora.** *Soto Pino v. Uno Radio Group,* 189 DPR 84, 93 (2013).

Como ha sido reiterado por la Alta Curia, **a falta de justa causa o ante excusas vagas y generales los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto.** *Rivera Marcucci et al. v. Suiza Dairy,* supra, pág. 170; *Soto Pino v. Uno Radio Group,* supra, págs. 92-93. En consonancia con lo anterior, ha expresado que, "es un deber acreditar la existencia de

justa causa, incluso, antes de que un tribunal se lo requiera, si no se observa un término de cumplimiento estricto". *Soto Pino v. Uno Radio Group,* supra, pág. 97.

Asimismo, es importante notar que los términos dispuestos en la Regla 47, *supra,* y en la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, para recurrir al Tribunal de Apelaciones, inician simultáneamente con la notificación de la determinación de la cual se busca la reconsideración o revisión en alzada.

No obstante, las precitadas Reglas 47 y 52.2 de Procedimiento Civil, 32 LPRA Ap. V, disponen que la solicitud de reconsideración tiene el efecto de paralizar los términos para acudir en revisión al Tribunal de Apelaciones, siempre y cuando se cumplan con todas las disposiciones reglamentarias.

Consecuentemente, "[d]e presentarse un recurso de apelación antes de que el Tribunal de Primera Instancia disponga de esa moción, este sería prematuro, por lo que el foro apelativo intermedio carecería de jurisdicción para atenderlo". *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 174. Por último, los términos para recurrir al Tribunal de Apelaciones "comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 47 de Procedimiento Civil, *supra.*

Es decir, bajo el esquema de las Reglas de Procedimiento Civil, la paralización es automática desde la presentación de la moción, "siempre y cuando se cumpla con los requisitos de fondo expuestos en la regla". Informe de Reglas de Procedimiento Civil de marzo de 2008, Secretariado de la Conferencias Judicial y Notarial, pág. 551. Esto se debe a que la propia regla dispone que "[l]a moción de reconsideración que no cumpla con las especificidades de esta regla será declarada 'sin lugar' y se entenderá que no ha interrumpido el término para recurrir". Regla 47 de Procedimiento Civil, *supra.*

Por lo tanto, el "efecto interruptor no opera de manera aislada". *Rivera Marcucci et al. v. Suiza Dairy,* supra, pág. 167. La interrupción está condicionada a que el Tribunal de Instancia pase juicio de si la moción cumplió con las exigencias de la Regla 47 de Procedimiento Civil, *supra.* Hernández Colón, *op. cit.*, pág. 443. En síntesis, aun cuando se presente una Moción de Reconsideración a tiempo, esta no tendrá el efecto de paralizar los términos si se incumple con la Regla 47 de Procedimiento Civil, *supra.* **Entre las exigencias de la Regla 47 de Procedimiento Civil, *supra*, está el antes discutido requisito de notificar a las demás partes de la presentación de la Moción de Reconsideración.[9]**

En *Rivera Marcucci et al. v. Suiza Dairy,* supra, pág. 179, el Alto Foro resolvió que el incumplimiento con el requisito de notificar una Moción de Reconsideración dentro del término de cumplimiento estricto supedita el efecto interruptor de los términos para recurrir en alzada a la determinación ulterior de si hubo o no justa causa por la tardanza. En dicho caso la Alta Curia revocó al Tribunal de Apelaciones por acoger un recurso de apelación que fue presentado fuera de término, dado a que la reconsideración que se presentó en el Tribunal de Instancia se notificó fuera de término sin dar razones que constituyeran justa causa. Consecuentemente, en dicho caso no se interrumpió el término para recurrir ante el Tribunal Apelativo y el recurso fue presentado fuera de término.

Finalmente, nuestro más Alto Foro expresó también en *Soto Pino v. Uno Radio Group*, supra, pág. 90, que: "[l]a marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico, razón por la cual el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. Véase, *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987). En

---

[9] *Div. Empleados Públicos UGT v. CEMPR,* pág. 753.

ese sentido, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente." *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

Para salvaguardar estas normas de Derecho Procesal Apelativo, el Tribunal Supremo de Puerto Rico, ha sido enfático en que "los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos ante nos." *Soto Pino v. Uno Radio Group,* supra, pág. 90.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

Tal y como reseñamos previamente, el 29 de abril de 2025, el Tribunal de Primera Instancia emitió la *Orden* recurrida, mediante la cual declaró No Ha Lugar a la solicitud de intervención presentada el 12 de marzo de 2025 por Tirso Luis Rosario, María Rosario Ortiz e Ivonne Rosario Cora. En desacuerdo, la parte peticionaria presentó el 8 de mayo de 2025 la *Moción en Solicitud de Reconsideración y Solicitud de que Este Honorable Tribunal se exprese sobre Otros Asuntos Muy Importantes para Proseguir con los Trámites de este Caso.*

Luego de que el foro primario brindara oportunidad a la parte recurrida para replicar al aludido petitorio, el 29 de julio de 2025, notificada el 6 de agosto de 2025, el Tribunal de Primera Instancia emitió *Resolución,* mediante la cual denegó la solicitud de reconsideración de la parte peticionaria. Ante su inconformidad con el aludido dictamen, la parte peticionaria acudió ante este foro

revisor, procurando que dejemos sin efecto lo dictaminado por la primera instancia judicial.

En respuesta, el 11 de septiembre de 2025, compareció la parte recurrida mediante *Moción en Solicitud de Desestimación del Recurso de Certiorari Bajo la Regla 83 (B) (1) (2) del Reglamento del Tribunal de Apelaciones*, en la que nos plantea que, la moción de reconsideración incoada por la parte peticionaria ante el foro *a quo*, no le fue notificada oportunamente, por lo que, la misma no tuvo efecto interruptor alguno. Consecuentemente, toda vez que, el recurso de marras fue presentado tardíamente, este foro revisor carece de jurisdicción para atender el mismo.

Mediante nuestra *Resolución*, del 11 de septiembre de 2025, le concedimos término a la parte peticionara para que se expresara en cuanto a la referida moción de desestimación. Por igual, el 23 de septiembre de 2025, la parte recurrida North Janitorial Services, Inc. presentó *Solicitud de Desestimación*.

Luego de un análisis sosegado y ponderado de los respectivos escritos de las partes, nos queda meridianamente claro que, la parte peticionaria no notificó oportunamente a la parte recurrida de la moción de reconsideración incoada ante el foro primario. Como mencionamos previamente, el término para notificar a las partes de una moción de reconsideración es el mismo que se utiliza para presentarla ante el tribunal y que es uno de cumplimiento estricto.[10]

Consecuentemente, conforme a nuestro ordenamiento procesal, y según ha sido interpretado por nuestro Tribunal Supremo, la falta de notificación de la moción de reconsideración a la parte recurrida provocó que esta careciera de efecto interruptor. Habida cuenta de lo anterior, el recurso de marras fue presentado ante este foro revisor de forma tardía.

---

[10] *Div. Empleados Públicos UGT v. CEMPR,* supra.

En consecuencia, procedemos a desestimar el recurso de *certiorari* de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[11], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos antes expuestos, se desestima del recurso de *Certiorari* por falta de jurisdicción debido a que fue presentado de forma tardía.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] 4 LPRA Ap. XXII-B, R. 83 (C).